EAIN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) Lionheart Xpedited Inc.<br>       and<br>(2) DG Lionheart LLC,<br><br>       Plaintiffs,<br><br>       vs.<br><br>(1) Morgan Services Company, LLC<br>       d/b/a Morgan Towing & Recovery,<br><br>       Defendant. | Case No.:  CIV-23-11-JAR<br><br>**COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

COMES NOW Lionheart Xpedited Inc. and DG Lionheart LLC (hereinafter "Plaintiffs" or individually by name) and for its Complaint against Defendant Morgan Services Company, LLC d/b/a Morgan Towing & Recovery, states and alleges as follows:

## PARTIES

1. Plaintiff Lionheart Xpedited Inc. is a California corporation with a principal place of business located at 8839 N. Cedar Ave. #368, Fresno, California 93720. Lionheart Xpedited Inc. is not publicly owned. Lionheart Xpedited Inc. is/was the owner of a 2019 Kenworth tractor-trailer (VIN 1XKYDP9X7KJ240700) (hereinafter "Truck").

2. Plaintiff DG Lionheart LLC is a California company with a principal place of business located at 3567 W. California Ave., Fresno, California 93706. DG Lionheart LLC is not publicly owned and its members are residents of California. DG Lionheart LLC is/was the owner of a 2018 Great Dane refrigerated trailer (VIN 1GRAA062XJW128034) (hereinafter "Trailer").

3. Upon information and belief, Defendant Morgan Services Company, LLC d/b/a

Morgan Towing & Recovery is an Oklahoma company with a principal place of business located at 251 S 41ST E, Muskogee, Oklahoma 74403. Defendant may be served through its registered agent, Nick Morgan at 2206 East Shawnee, Muskogee, Oklahoma 74403.

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S. Code § 1332, diversity jurisdiction exist as there is complete diversity amongst the parties and the amount in controversy exceeds $75,000.00.

5. Jurisdiction and venue are otherwise properly held in this Honorable Court.

## FACTS

6. On or about December 13, 2020, Plaintiffs were involved in a single vehicle accident on Interstate 44 westbound near mile marker 253 (hereinafter "Accident").

7. Plaintiffs' agent was operating the Truck and Trailer at the time of the Accident.

8. Defendant responded to the scene of the Accident after receiving a call for towing services pursuant to the Oklahoma Highway Patrol's towing rotational list.

9. Defendant engaged in a nonconsensual tow of Plaintiffs Truck and Trailer from the scene of the Accident to their storage yard located at 2215 N. Sheridan Road, Tulsa, Oklahoma 74115.

10. Plaintiffs contacted Defendant several times by telephone in attempts to pay for towing services and recover their Truck and Trailer.

11. Defendant did not provide an invoice to Plaintiffs after these telephone conferences.

12. Plaintiffs contacted Defendant by email on February 15, 2021, in attempts to obtain an invoice for towing services and recover their Truck and Trailer.

13. On March 3, 2021, Plaintiffs paid three invoices totaling $21,500.00 for towing services and disposal of cargo. **(Exhibit A, Invoices and Receipt)**.

14. Defendants refused to provide the location of the Truck and Trailer and/or otherwise allow Plaintiffs to recover the Truck and Trailer.

15. Plaintiffs contacted Defendant by email several times between March of 2021 and March of 2022 in attempts to recover their Truck and Trailer. **(Exhibit B, Emails)**.

16. On or about May of 2022, Plaintiff learned that the Truck and Trailer at issue were sold subject to a Title 42 lien sale.

17. Defendants failed to comply with Title 42 Possessory Lien Procedures and, otherwise, engaged in a sham sale of Plaintiffs equipment.

18. Moreover, the Oklahoma Corporation Commission is the governing body responsible for overseeing towing companies performing services pursuant to the nonconsensual towing rotational list.

19. On May 24, 2022, Plaintiffs filed a complaint with the Oklahoma Corporation Commission related to Defendants fraudulent conduct.

20. On August 17, 2022, the Oklahoma Corporation Commission issued a notice after their investigation which stated Defendant was in violation of the approved rates for nonconsensual towing and ordered the repayment of $21,500.00. **(Exhibit C, Notice of Violation)**.

21. Defendant's predatory and fraudulent actions have caused Plaintiffs damages to which it is entitled a recovery in this action.

### CONVERSION

22. Plaintiffs reallege Paragraphs 1-21 as if fully stated herein.

23. Conversion is an unauthorized assumption and exercise of the right of ownership over the personal property of another person that is inconsistent with the rights of the owner.

24. Here, Plaintiffs are the owners/possessors/rightful owners of the Truck and Trailer.

25. Defendant intentionally took title and possession of the Truck and Trailer without consent, agreement, or statutory authority for the same.

26. As a result of Defendant's conduct, Plaintiffs have suffered damages.

27. Defendant's conduct constitutes conversion for which Plaintiffs are entitled to recover damages in an amount in excess of $75,000.00.

## FRAUD

28. Plaintiffs reallege Paragraphs 1-27 as if fully stated herein.

29. Defendant concealed and maintained storage of the vehicle from December 13, 2020, until the date of the lien sale.

30. Defendant failed to provide written proof of authority to perform the work, labor, or services identified in its Notice of Possessory Lien from either Plaintiff.

31. On March 3, 2021, Plaintiffs compensated Defendant $21,500.00 for the total amount/value of the services rendered by Defendant.

32. At that time, the Truck was valued at an amount in excess of $65,000.00.

33. At that time, the Trailer was valued at an amount in excess of $80,000.00.

34. Defendant deliberately and fraudulently withheld information necessary for Plaintiffs to recover the property despite multiple verbal and written requests by Plaintiffs.

35. Thereafter, Defendant willfully failed to provide Plaintiffs proper Notice as required under Title 42 O.S. Section 91A, *et seq.* before proceeding with the sale.

36. Despite knowing that no such notice was provided, Defendant fraudulently represented to the Oklahoma Tax Commission that proper Notice was provided in order to garner title of the Truck and Trailer.

37. Defendant thereafter engaged in a sham auction wherein it improperly took title of

the Truck and Trailer and purchased the Truck and Trailer from itself for an unconscionable price and for a fraction of the actual value.

38. Defendant knew the Truck and Trailer at issue was valued at much more than the alleged purchase price but nevertheless fraudulently represented that the purchase price constituted a fair purchase price in an effort to avoid providing Plaintiffs, the rightful owner, with sale proceeds in excess of the outstanding storage bill as required under the Oklahoma Administrative Code. Further, any storage bill provided by Defendant was manufactured and fraudulent as Plaintiffs had made multiple requests for Defendant to allow Plaintiffs to recover the Truck and Trailer.

39. Defendant's conduct clearly shows that it has engaged in a fraudulent scheme designed to prevent Plaintiffs from recovering the Truck and Trailer. Alternatively, the fraudulent scheme was designed to prevent Plaintiffs from obtaining reasonable notice and/or recoupment of sale proceeds for the value of the Truck and Trailer in excess of the services provided by Defendant as required by Title 42. Defendant's scheme was designed to willfully and intentionally defraud Plaintiffs of their property.

40. Defendant's conduct constitutes actionable fraud for which Plaintiffs are entitled to recover damages in an amount in excess of $75,000.00.

**UNJUST ENRICHMENT**

41. Plaintiffs reallege Paragraphs 1-40 as if fully stated herein.

42. Unjust enrichment is the "enrichment to another, coupled with a resulting injustice." *City of Tulsa v. Bank of Oklahoma*, 2011 OK 83, ¶19. This means the defendant must have money "that, in equity and good conscience, it should not be allowed to retain." *Harvell v. Goodyear Tire & Rubber Co.*, 2006 OK 24, ¶18, 164 P.3d 1028. Accord *Oklahoma Dept. of Securities v. Blair*, 2010 OK 16, ¶22, 231 P.3d 645.

43. On or about December 13, 2021, Defendant engaged in a non-consensual tow of the Truck and Trailer.

44. Defendant concealed and maintained storage of the Truck and Trailer from December 13, 2021, until the date of the lien sale.

45. On March 3, 2021, Plaintiffs compensated Defendant $21,500.00 for the total amount/value of the services rendered by Defendant.

46. At that time, the Truck was valued at an amount in excess of $65,000.00.

47. At that time, the Trailer was valued at an amount in excess of $80,000.00.

48. Defendant refused to provide Plaintiff with information necessary for Plaintiffs to recover the property despite multiple verbal and written requests by Plaintiffs.

49. Thereafter, Defendant failed to provide Plaintiffs notice as required by Title 42.

50. Despite knowing that no such notice was provided, Defendant fraudulently represented to the State of Oklahoma that proper Notice was provided in order to garner title of the Truck and Trailer.

51. Defendant thereafter engaged in a sham auction wherein it improperly took title of the Truck and Trailer for an unconscionable price at a fraction of the actual value.

52. Defendant knew the Truck and Trailer at issue was valued at much more than the alleged purchase price but nevertheless fraudulently represented that the purchase price constituted a fair purchase price in an effort to avoid providing Plaintiffs, the rightful owner, with sale proceeds in excess of the outstanding storage bill as required under the Oklahoma Administrative Code. Further, any storage bill provided by Defendant was manufactured and fraudulent as Plaintiffs had made multiple requests for Defendant to allow Plaintiffs to recover the Truck and Trailer.

53. Moreover, Defendant improperly and fraudulently billed Plaintiffs for services

rendered as determined by the Oklahoma Corporation Commission that issued a notice after their investigation which stated Defendant was in violation of the approved rates for nonconsensual towing and ordered the repayment of $21,500.00. **(Exhibit C, Notice of Violation**

54. Defendant's conduct constitutes unjust enrichment for which Plaintiffs are entitled to recover damages in an amount in excess of $75,000.00.

## PUNITIVE DAMAGES

55. Plaintiffs reallege Paragraphs 1-54 as if fully stated herein.

56. Defendant's actions/conduct shows an utter disregard and recklessness for the rights of Plaintiffs so as to justify an award of punitive or exemplary damages.

## TREBLE DAMAGES, ATTORNEY'S FEES, AND COSTS

57. Plaintiffs reallege Paragraphs 1-56 as if fully stated herein.

58. Defendant's actions/conduct shows violations of Title 42, which provides for statutory treble damages, attorney's fees, and costs.

WHEREFORE, premises considered, Plaintiffs pray for damages in excess of $75,000, actual damages, punitive damages, treble damages, attorney fees, costs, expenses, and interest allowed by law, and any further relief as the Court and jury deems just and equitable.

Respectfully Submitted,

_/s/ David C. Senger_

David C. Senger, OBA No. 18830
**COFFEY, SENGER & WOODARD, P.L.L.C.**
4725 East 91st Street, Suite 100
Tulsa, OK 74137
918-292-8787 (phone)
918-292-8788 (fax)
David@cswlawgroup.com
*Attorneys for Plaintiffs*

7